IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSE ESPINAL,

      Petitioner,

   v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:13-CV-742
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Return of Writ,* Petitioner's *Response,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant was indicted on December 31, 2009 with three counts of rape. On January 5, 2011, appellant entered a plea of guilty to two counts of rape in violation of R.C. 2907.02. Appellant was sentenced to the jointly recommended sentence totaling 11 years of incarceration. A judgment entry reflecting appellant's conviction and sentence was filed on January 5, 2011. No timely appeal was taken. However, on September 21, 2011, appellant sought leave from this court to file a delayed appeal, and said request was denied on November 25, 2011.
>
> On February 13, 2012, appellant filed a motion to correct sentence. In this motion, appellant argued he was entitled to have his sentence corrected in accordance with 2011 Am.Sub.H.B. No. 86, which amended Ohio's criminal sentencing laws. Stating that H.B.

>No. 86 does not apply to sentences imposed prior to its effective date, the trial court denied appellant's motion via entry filed March 27, 2012.
>
>II. ASSIGNMENTS OF ERROR
>
>This appeal followed and appellant brings the following four assignments of error for our review:
>
>[1.] Whether the trial court abused its discretion by applying improper sections of the revised code.
>
>[2.] Whether the trial court abused its discretion in failing to merge both counts as mandated by law.
>
>[3.] Whether the trial court abused its discretion under the abuse of discretion standard.
>
>[4.] Whether the trial court abused its discretion in ruling House Bill 86 is not retroactive.

*State v. Espinal*, No. 12-AP-346, 2012 WL 5947353, at *1 (Ohio App. 10th Dist. Nov. 27, 2012).

On November 27, 2012, the state appellate court dismissed Petitioner's motion as untimely. *Id*.

On May 8, 2012, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Espinal*, 986 N.E.2d. 1023 (2012).

On July 26, 2013, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts in claim one that he "[d]id not commit crimes, was warned that if I did not plead to the charges I would spend the rest of my life in prison." *Petition,* ECF 3, PageID# 27. In claim two, Petitioner asserts that his convictions should have been merged for sentencing and violate the Double Jeopardy Clause. It is the position of the Respondent that Petitioner's claims are procedurally defaulted.

**Procedural Default**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal

courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a reviewing court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, a court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, the court must decide whether the state procedural rule is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the court has determined that a petitioner did not comply with a state procedural rule and that the rule was an adequate and independent basis on which to do so, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to a

3

failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

In claim one, Petitioner asserts that he is not guilty of the charges against him, but was advised to plead guilty or he would spend the rest of his life in prison. In claim two, Petitioner asserts that his convictions violate the Double Jeopardy Clause. These claims are readily apparent from the face of the record and should have been raised on direct appeal. Petitioner did not timely appeal. The state appellate court denied his a motion for a delayed appeal. Petitioner did not, thereafter file an appeal to the Ohio Supreme Court. Thus, although it appears that Petitioner's claims remain unexhausted, as he may still pursue a delayed appeal to the Ohio Supreme Court, the undersigned recommends dismissal of Petitioner's claims as plainly without merit. *See* 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *see also Turner v. Smith*, No. 2:08-cv-52, 2009 WL 799041, at *10 (S.D. Ohio 2009)(addressing merits of unexhausted claim in the interest of judicial economy)(citing *Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir. 1999)(citing *Granberry v. Greer*, 481 U.S. 129, 131–32 (1987)).

**Claim One**

Petitioner provides no factual summary in support of claim one, as he is required to do under Rule 2(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts, [1] and the nature of the claim is not entirely clear. Claim one may be subject to dismissal on this ground alone.

---

[1] Rule 2(c) provides in relevant part that a Petition must do all of the following:

(1) specify all the grounds for relief available to the petitioner;

> Rule 2(c) only requires that the petition "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge" and that the petition "set forth in summary form the facts supporting each of the grounds thus specified." 28 U.S.C. § 2254, Rules Governing Section 2254 Proceedings, Rule 2(c); *see also Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987) (discussing sufficient legal basis for habeas petition); *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir. 1985).

*Flood v. Phillips*, 90 F. App'x. 108, 2004 WL 193164, at *4 (6th Cir. 2004). Petitioner has not met this standard in regard to habeas corpus claim one.

In his *Response* to the *Return of Writ*, however, Petitioner appears to assert a claim of actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones,* 395 F.3d 577, 589–90 (6th Cir. 2005). To establish a claim of actual innocence, a petitioner "must show that it is more likely than not that no reasonable juror" would have found him guilty beyond a reasonable doubt. *Souter*, 395 F.3d at 589-90 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To be credible, the

---

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rules Governing Section 2254 Proceedings, Rule 2(c).

petitioner must provide support for his allegation with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial." *Souter*, 395 F.3d at 590 (citing *Schlup*, 513 U.S. at 324. "The actual innocence exception should 'remain rare' and 'only be applied in the 'extraordinary case.' " *Souter,* at 590 (quoting *Schlup,* at 321.

Assuming actual innocence to be the basis of Petitioner's is claim, it does not provide him relief. The United States Supreme Court has held that a free standing claim of actual innocence fails to present an issue appropriate for federal habeas corpus relief. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400 (1993). Thus, a claim of actual innocence serves as a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera,* 506 U.S. 404. Actual innocence, if established by the petitioner, permits him to obtain consideration of an independent constitutional claim otherwise barred from review by a procedural error

> Federal courts are not forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391, 77 L.Ed.2d 1090 (1983). The guilt or innocence determination in state criminal trials is "a decisive and portentous event." *Wainwright v. Sykes,* 433 U.S. 72, 90, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977). "Society's resources have been concentrated at that time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence of one of its citizens." *Ibid.* Few rulings would be more disruptive of our federal system than to provide for federal habeas review of freestanding claims of actual innocence.

*Herrera v. Collins,* 506 U.S. at 401.

> . . . [T]he Sixth Circuit has ruled that a freestanding claim of actual innocence based upon newly discovered evidence does not warrant federal habeas relief. *See Wright v. Stegall*, No. 05–2419, 2007

6

> WL 2566047, *2–3 (6th Cir. Sept. 5, 2007) ("Since the Supreme Court has declined to recognize a freestanding innocence claim in habeas corpus, outside the death-penalty context, this court finds that petitioner's claim is not entitled to relief under available Supreme Court precedent"); *Cress v. Palmer,* 484 F.3d 844, 854–55 (6th Cir. 2007); see also *Monroe v. Smith,* 197 F.Supp.2d 753, 763 (E.D. Mich. 2001) (habeas petitioner's claim that he is entitled to relief due to state trial judge's failure to grant him a new trial based on newly-discovered evidence is not cognizable in a habeas proceeding). Thus, Petitioner's claim that he is actually innocent and has newly discovered evidence to prove it does not state a claim upon which habeas relief can be granted. *See Johnson v. Hofbauer*, 159 F.Supp.2d 582, 606 (E.D. Mich. 2001).

*Lardie v. Birkett*, No. 05-cv-74766-DT, 2008 WL 474072 (E.D. Mich. Feb. 19, 2008); *see also Webb v. Wolfenbarger,* No. 2:08-cv-12692, 2009 WL 369482 (E.D. Mich. Feb. 11, 2009) (same). Thus, claim one is procedurally defaulted and otherwise fails on the merits.

**Claim Two**

In claim two, Petitioner asserts that his convictions violate the Double Jeopardy Clause and Ohio's statute on allied offenses of similar import. This claim also fails

Ordinarily, a plea of guilt conclusively establishes the defendant's guilt to the crimes charged, and any subsequent collateral attack upon that plea is limited to an inquiry as to whether it was voluntarily and knowingly given. *United States v. Broce*, 488 U.S. 563, 569 (1989). In the double jeopardy context, an exception to this rule exists when it is plain from the language of the charging document that no legally cognizable additional crime was charged to which the defendant could properly have entered a plea of guilt. *Id*. at 576. In all other respects, any right to assert a claim of double jeopardy is waived by the entry of the guilty plea. *Id.*

> In *Broce*, the defendant entered guilty pleas to two separate indictments alleging conspiracies under the Sherman Act, 15 U.S.C. § 1, and later moved to vacate his sentences on the basis that there was in reality only a single conspiracy, and therefore his right under the Double Jeopardy Clause was violated. The Supreme Court focused on the charging documents to determine if

7

> the defendant's double jeopardy challenge survived his guilty plea. The Court noted: "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *Broce*, 488 U.S. at 570. The defendant's claim was premised on the contention that the two indictments alleged separate parts of the same illegal agreement. However, "[r]espondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictments and to attempt to show the existence of only one conspiracy in a trial-type proceeding. They chose not to, and hence relinquished that entitlement." *Id*. at 571.

*Tarpley v. Bock*, No.00-10408-BC, 2003 WL 22258199, at *6 (E.D. Mich. Sept. 25, 2003); *see also Emrick v. Wolfe*, No. 2006 WL 3500005 (S.D. Ohio Dec. 5, 2006)(same). Here, Petitioner pleaded guilty to two counts of rape on a child under eleven years of age between December 24, 2008 and December 24, 2009.  By doing so, he admitted his guilt to two separate criminal acts during that period of time.  Petitioner's double jeopardy claim accordingly is without merit.

**Recommended Disposition**

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    s/ *Elizabeth a. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge

January 8, 2015